UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

HECTOR TURRUBIARTES TORRES,

    Petitioner,

v.

KEVIN RAYCRAFT et al.,

    Respondents.

_____/

Case No. 1:26-cv-298

Honorable Jane M. Beckering

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

### I. Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, assume jurisdiction over this matter and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.20.)

In an Order entered on January 29, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner

should not be granted. (Order, ECF No. 3.) Respondents filed their response on February 4, 2026, (ECF No. 4) and Petitioner filed his reply on February 5, 2026 (ECF No. 5).

## II.     Factual Background

Petitioner is a native and citizen of Mexico. (Pet., ECF No. 1, PageID.7; Notice to Appear (NTA), ECF No. 4-2, PageID.80.) Petitioner entered the United States in 2005 at an unknown location without inspection. (Pet., ECF No. 7, PageID.10; NTA, ECF No. 4-2, PageID.80.) On November 16, 2005, after being arrested for driving while intoxicated, Petitioner requested and was granted a voluntary return. (I-213, ECF No. 4-1, PageID.77.) Petitioner either remained in or reentered the United States. On August 12, 2014, Petitioner was encountered and arrested by immigration agents after being arrested for driving while license invalid. (*Id.*) The Department of Homeland Security issued Petitioner a Form I-862, NTA, charging Petitioner with inadmissibility under § 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA) because Petitioner is an immigrant "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." (NTA, ECF No. 4-2, PageID.80.) Petitioner was released from custody on an $8,000 bond. (Resp., ECF No. 4, PageID.51; Bond Receipt, ECF No. 4-3, PageID.82.)

On November 15, 2025, ICE agents arrested Petitioner when Petitioner appeared for a United States Citizenship and Immigration Services Interview. (Pet., ECF No. 1, PageID.8.)

## III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-

related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV. Exhaustion

Respondents argue that the Court should deny Petitioner's request for habeas corpus relief because Petitioner has not exhausted his administrative remedies. Specifically, Respondents argue that Petitioner should pursue a bond hearing and, if necessary, appeal any unfavorable decision to the Board of Immigration Appeals.

The Court declines to enforce the doctrine of prudential exhaustion against Petitioner, and even if the Court were to conclude that exhaustion is warranted, the Court concludes in the alternative that waiver of exhaustion is appropriate, for the reasons set forth in the Court's exhaustion analysis in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *2–3 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *2–4 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *2–4 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *2–3 (W.D. Mich. Dec. 12, 2025).

Accordingly, the Court will proceed to address the merits of Petitioner's § 2241 petition.

## V. Merits Discussion

### A. Statutory Basis for Petitioner's Detention

Petitioner contends that Respondents have violated the INA by concluding that Petitioner is detained pursuant to the mandatory detention provisions set forth in 8 U.S.C. § 1225(b)(2). Respondents, however, contend that Petitioner meets every element for detention under § 1225(b)(2), and that the statute's structure and history support Respondents' interpretation.

The Court concludes that § 1226(a), not § 1225(b)(2)(A), governs noncitizens, such as Petitioner, who have resided in the United States and were already within the United States when

3

apprehended and arrested for the reasons set forth in the Court's statutory analysis in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *3–6 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *4–6 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *4–7 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *3–6 (W.D. Mich. Dec. 12, 2025).[1][2]

### B.  Fifth Amendment Due Process Considerations

Petitioner also argues that his detention violates the Fifth Amendment's Due Process Clause. Respondents counter Petitioner's arguments by stating that Petitioner has received notice of the charges against him, has access to counsel, is scheduled to attend hearings with an immigration judge, has the right to appeal the denial of any request for bond, and has been detained by ICE for a relatively short period of time.

The Court concludes that Petitioner's current detention under the mandatory detention framework set forth in § 1225(b)(2)(A) violates Petitioner's Fifth Amendment due process rights for the reasons set forth in the Court's constitutional analysis in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *6–8 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *7–8 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *7–9 (W.D.

---

[1] The Court is aware of *Buenrostro-Mendez v. Bondi*, No. 25-20496, --- F.4th ----, 2026 WL 323330 (5th Cir. Feb. 6, 2026), which was recently issued by the United States Court of Appeals for the Fifth Circuit. At this time, this non-binding case does not change the Court's analysis.

[2] Respondents also contend that Petitioner an "arriving alien" subject to mandatory detention. For the reasons previously set forth in detail in *Hernandez Montiel v. Raycraft*, No. 1:25-cv-1610, 2026 WL 32076 (W.D. Mich. Jan. 6, 2026), Petitioner is not an "arriving alien" for purposes of § 1225(b.)

Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *6–8 (W.D. Mich. Dec. 12, 2025).

## VI.   Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

## VII.   Proper Respondents

Respondents argue that the Detroit ICE Field Office Director is the only proper Respondent in this action, and they seek the dismissal of all of the other named Respondents. The Court concludes that the ICE Detroit Field Office Director is not the only proper Respondent for the reasons set forth in the Court's analysis of the same argument in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *8–9 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *8–9 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *9–10 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *9–10 (W.D. Mich. Dec. 12, 2025).

To ensure that this Court's orders regarding a hearing or release will bind at least one Respondent with authority to act in the event that Petitioner is transferred out of the Western District of Michigan, the Court will retain the ICE Detroit Field Office Director and the Secretary for the Department of Homeland Security as Respondents.

## Conclusion

For the reasons discussed above, the Court will enter a Judgment conditionally granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court will order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of this Court's Opinion and Judgment or, in the alternative,

5

immediately release Petitioner from custody.[3] The Court will also order Respondents to file a status report within six business days of the date of this Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated:    February 17, 2026                             /s/ Jane M. Beckering
                                                        Jane M. Beckering
                                                        United States District Judge

---

[3] This Court has adopted a standard practice of requiring such a hearing within five business days, even if the Petitioner requests a deadline that is shorter or longer.